United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2005**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-61065
Summary Calendar
_____

HUGH MAYRONNE,

Plaintiff - Appellant,

versus

REASSURE AMERICA LIFE INSURANCE CO.,
formerly known as Allied Life Insurance
Co.; UNKNOWN DEFENDANT,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-542
_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Hugh Mayronne appeals the district court's grant of Reassure America Life Insurance Company's ("Reassure") Motion for Summary Judgment. The district court ruled that Mayronne's claims were time barred under Miss. Code Ann. § 15-1-49, which imposes a three-year limitation on claims of fraud. Mayronne argues that the district court erred in finding that the statute of limitations on his fraud claims began to run in 1993 when he purchased his life insurance policy from Allied Insurance Company ("Allied"), and that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the statute was not tolled by any act of fraudulent concealment on the part of Reassure. He maintains that the statute of limitations was tolled because representatives of Allied and its successor, Reassure, fraudulently concealed the fact that Mayronne would be required to pay premiums for more than seven years.

For an act of fraudulent concealment to toll the statute of limitations under Miss. Code § 15-1-67, the plaintiff must show that some affirmative act of the defendant prevented the plaintiff from discovering the claim and that the plaintiff exercised due diligence to discover the claim. Stephens v. Equitable Life Assurance Society of U.S., 850 So.2d 78, 84 (Miss. 2003). Here, Mayronne contends that Reassure fraudulently concealed Mayronne's claim when it failed to specifically address his assertion in a March 1998 letter that he believed that his premiums would vanish after seven years. In rejecting Mayronne's argument, the district court concluded that Mayronne "has shown no act of [Reassure] that affirmatively prevented [Mayronne] from discovering that the provisions of his policies were different from what [Mayronne] alleges he was told at the time he purchased them."

After reviewing the record and the parties' briefs, we find that the district court did not err in holding that Mayronne could not show that Reassure committed an affirmative act of fraudulent concealment sufficient to toll the applicable statute of limitations. Reassure's letter of March 1998 was a response to

2

Mayronne's letter, the focus of which was Mayronne's discovery that his insurance policy had decreased in value. Reassure's response primarily addressed Mayronne's concern about his policy's reduction in value. However, it acknowledged that Mayronne's position was that the premiums would vanish in seven years. Yet, there is simply no indication that Reassure's failure to address the issue more specifically somehow precluded Mayronne from discovering a discrepancy between Reassure's previous representations to Mayronne on that topic and the substance of Mayronne's life insurance policy.

Mayronne was at all relevant times capable of reviewing his policy, which would have revealed to him that the policy did not provide for an end to his premiums after seven years. In short, if he had only read his policy, he would not need to ask for tolling of the statute of limitations. "[A] person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." Stephens, 850 So.2d at 82 (citing Godfrey, Basset & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., 584 So.2d 1254, 1257 (Miss. 1991)). Thus, Mayronne cannot show an affirmative act

3

of the defendant that would support fraudulent concealment or that he exercised due diligence to discover his claim.[2]

Accordingly, the statute of limitations was not tolled and the district court's grant of summary judgment is

AFFIRMED.

---

[2] Reassure's motion to strike portions of Mayronne's reply brief is denied.